MURGUIA, Circuit Judge,
dissenting.
I respectfully dissent. Bustos failed to file an adversary action before the applicable statute of limitations ran. Rather than seek an extension of the statute of limitations, Bustos reached an agreement with the debtor, Molasky, to intervene in One-Cap’s case. The scope of Bustos’s intervention was expressly limited by the bankruptcy court, so that intervention would not serve as a means of defeating the time bar. Following the dismissal of OneCap, the bankruptcy court properly determined that Bustos could not proceed since his claims were time barred. A court can only retain jurisdiction over an intervenor’s claims after dismissal of the original plaintiff if “the court can avoid the senseless delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are.” Benavidez v. Eu, 34 F.3d 825, 830 (9th Cir.1994) (internal quotations omitted). Bustos does not pass the Benavidez test because dismissing his time-barred claims will not simply postpone the inevitable filing of a new suit.
Bustos does not claim the bankruptcy court abused its discretion in failing to extend the statute of limitations, nor does he seek the “equitable” remedy the majority provides. Rather, Bustos only claims that he satisfies the Benavidez test. As noted above, he does not. Bustos elected to intervene on limited grounds. Bustos did not seek an extension of the statute of limitations to assert his own claims, nor did he seek to be substituted for OneCap before its dismissal. It is not the province of this Court, at this stage, to introduce a remedy that in hindsight appears better for the appellant as a matter of equity. See, e.g., In Re Bernal, 207 F.3d 595 (9th Cir.2000) (holding that where noteholder improperly sought intervention after default where the proper remedy was substitution pursuant to Fed. R. Bankr.P. 7025, court had no remedy for the noteholder); see also, F.D.I.C. v. Deglau, 207 F.3d 153, 159 n. 2 (3d Cir.2000). I would affirm the bankruptcy court.